IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           ) | CR 04-0890-PHX-SRB |
|                          )| |
| Plaintiff-Respondent  ) | CV 05-2349-PHX-SRB (ECV) |
|                          )| |
| vs.                      )| |
|                          )| **REPORT AND RECOMMENDATION** |
|                          )| |
| Roman Alberto Gonzalez,  )| |
|                          )| |
| Defendant-Movant.     )| |
|                          )| |
|                          )| |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

**BACKGROUND**

Roman Alberto Gonzalez ("Movant"), has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Doc. #37. On August 18, 2004, Movant pleaded guilty to Count 1 of the Information, importation of 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a class A felony in violation of 21 U.S.C. § 952(a). Doc. #27. On March 28, 2005, Movant was sentenced to the custody of the Bureau of Prisons for 37 months followed by supervised release for three years. Doc. #27. Movant first filed a motion to vacate on August 5, 2005. Doc. #32. On January 24, 2006, the Court dismissed the motion with leave to amend. Doc. #36. Movant then filed an amended motion to vacate on November 28, 2005. Doc. #37.

Movant alleges four grounds for relief in his motion. First, he alleges that he was entitled to a downward departure from the sentencing guidelines because of circumstances

1 not adequately taken into consideration by the guidelines.  Second, Movant alleges that he
2 was denied effective assistance of counsel at his sentencing.  Third, Movant alleges that
3 based on his good conduct and rehabilitation, he is entitled to a post-conviction downward
4 departure.[1]  Fourth, Movant alleges that he was entitled to an additional downward departure
5 based on his status as a deportable alien which should have been considered as a mitigating
6 factor. On March 24, 2006, Respondent filed a Response in Opposition to Motion to Vacate,
7 Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Doc. #44.  Movant has not
8 filed a reply.

9 On August 23, 2006, this court provided the parties an opportunity to submit
10 supplemental briefing to address the issue of whether Movant waived his right to seek direct
11 or collateral review when he pleaded guilty.  Doc. #45.  Respondents submitted a
12 supplemental filing on August 31, 2006.  Doc. #46.  Movant has not submitted anything in
13 response to the court's order, and the deadline to do so has passed.

## DISCUSSION

15 The government argues in its supplemental filing that Movant's request to vacate, set
16 aside or correct the sentence is foreclosed by the plea agreement in which he waives the right
17 to bring such an action.  Movant has presented nothing to challenge the waiver in his plea
18 agreement.

**A.     Waiver**

20 Plea agreements are contractual in nature and their plain language will generally be
21 enforced if the agreement is clear and unambiguous on its face.  United States v. Jeronimo,

---

[1] Movant fails to present any facts or legal authority that would support a downward departure at this stage based on good conduct and rehabilitative efforts.  In their initial response, Respondents explained that a court may not modify a term of imprisonment once it has been imposed except under very narrow circumstances, including a request from the Bureau of Prisons Director or based on substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. Doc. #44 at 4-5.  Neither of those circumstances apply here and Movant does not argue otherwise.  Thus, besides recommending denial of Ground Three based on waiver, as discussed below, the court also recommends denial based on Movant's failure to state a claim.  See Rules Governing Section 2255 Proceedings 4(b).

1  398 F.3d 1149, 1153 (9th Cir. 2005), cert. denied, 126 S.Ct. 198 (2005).  A waiver of
2  appellate rights is enforceable if the language of the waiver encompasses the right to appeal
3  on the grounds raised and the waiver is knowingly and voluntarily made.  Id.  In addition to
4  a waiver of direct appeal rights, a defendant may waive the statutory right to bring a § 2255
5  action challenging the length of his sentence.  United States v. Pruitt, 32 F.3d 431, 433 (9th
6  Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992), cert. denied sub
7  nom. Abarca-Espinoza v. United States, 508 U.S. 979 (1993).  A waiver of the right to bring
8  a § 2255 action likely would not include a claim that the waiver itself was involuntary or that
9  ineffective assistance of counsel rendered the plea involuntary.  See Pruitt, 32 F.3d at 433
10 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously
11 induced a defendant to plead guilty or accept a particular part of the plea bargain).

12         Here, Movant expressly waived his right to "raise on appeal or collaterally attack any
13 matter pertaining to this prosecution and sentence if the sentence imposed is consistent with
14 the terms of this agreement."  Doc. #28 at 4.  Movant stated during the change of plea
15 proceedings that he understood his plea agreement, that it reflected all the promises made to
16 him and that he agreed with everything in it.  Doc. #42 at 9-10.  More specifically, Movant
17 stated that he understood and agreed to the provision that prohibited him from collaterally
18 attacking the judgment and sentence.  Doc. #42 at 17.  Movant signed the plea agreement
19 indicating that he fully understood all the terms and conditions of the agreement.  Doc. #28
20 at 8.  Additionally, the Court explained to Movant at the sentencing hearing that he had
21 waived his appeal rights as long as he was sentenced in accordance with the plea agreement.
22 Doc. #43 at 14.  The Court further explained that Movant had received a sentence that was
23 "in fact more favorable than the one contemplated in your plea agreement."  Id.

24         Movant's assertions in his § 2255 motion to vacate all pertain to sentencing and do
25 not pertain to the voluntariness of the plea agreement or the waiver.  Movant expressly
26 waived his right to raise these issues by way of a direct appeal or collateral attack.  The Court
27 accepted his plea as voluntarily made.  Consequently, the Court finds that Movant waived
28 the claims in grounds one through four of his § 2255 motion.

1  **IT IS THEREFORE RECOMMENDED:**

2  That the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal
3  Custody pursuant to 28 U.S.C. § 2255 (Doc. #37) be **DENIED**;

4  This recommendation is not an order that is immediately appealable to the Ninth
5  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
6  Appellate Procedure, should not be filed until entry of the district court's judgment.  The
7  parties shall have ten days from the date of service of a copy of this recommendation within
8  which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.
9  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a
10 response to the objections.  Failure to timely file objections to the Magistrate Judge's Report
11 and Recommendation may result in the acceptance of the Report and Recommendation by
12 the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,
13 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the
14 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
15 findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
16 recommendation.  See Fed. R. Civ. P. 72.

17 DATED this 18th day of September, 2006.

_Edward C. Voss_
Edward C. Voss
United States Magistrate Judge